Hunter v. Home Depot. Good morning. I'm Patty Risperger representing Chastity Hunter on appeal. The issue is, did defendant have a duty to reasonably accommodate plaintiff with a modified full-time schedule of no more than 34 hours, which was the number of hours which were permitted by her physician? Plaintiff was not a part-timer in 2003 seeking more hours, but a full-timer who was asking for a slightly reduced modified schedule. Why do you say that? Several reasons, Your Honor. She never worked 40 hours, did she? She thought of herself as a full-timer, but she thought of herself as a full-timer entitled to work 34 rather than 40 hours. True? Which was the accommodation that had been provided. She was a full-time status employee by defendant's own policies. Why do you say she was full-time? Did she ever work 40 hours? Isn't that a requirement of being full-time? No, Your Honor. Under policy, the tab number 19 at 5, Home Depot's policy is that full-time associates are those that are regularly scheduled to work 30 hours or more. In addition, Home Depot admits in its answer, consistent with its fully response to the Bureau of Labor, that plaintiff had been averaging 32 hours per week until approximately July 2003. So defendant has raised the issue of fact here as to whether or not she was full-time. Plaintiff's testimony is that she had been allowed to work approximately 27 to 32 hours often, and Home Depot admitted she'd been working an average of 32 hours. In the spring and summer of 2003, immediately preceding the most relevant facts, plaintiff was consistently scheduled to work 30 hours, according to defendant's own excerpt, SCR at 110. Clearly, there's evidence from which a jury could conclude that plaintiff had a full-time status as of the summer of 2003. Does it matter? I take it full-time versus part-time. At least in some companies, it matters what kind of benefits you get, that sort of thing. Correct. Do you get retirement or don't you get retirement? Correct. Excuse me? Correct. I would assume so. Excuse me? Is this on? Yeah. Sorry. Yes, I believe that's correct, Your Honor. I take it what you're saying is that she was getting all the benefits of a full-time employee throughout these years that she worked. Is that right? Well, there's a factual issue in that regard, whether she was getting benefits, because of the way Home Depot was calculating her hours. She was getting full-time benefits in the summer of or from January until at least July of 2003. So sometimes she got full-time benefits and sometimes she didn't? We don't know that, and Home Depot hasn't produced those records in terms of what benefits she actually got. Was she covered by the medical plan? She would certainly know that. Excuse me, Your Honor, I can't hear you. Was she covered by the medical plan? Did she have medical insurance? As far as I know, she did, Your Honor. Okay. So she knows that. Were part-time employees also given medical insurance? I don't know that, Your Honor. So there are factual issues surrounding whether or not plaintiff was or was not on full-time status. And these factual issues are created by defendant's own documents. There's further factual issues surrounding plaintiff's reduction in hours. Was it because defendant did not think it was fair for plaintiff to have a reduced full-time schedule, or was it due to economic reasons? You know, here's one of my problems with this case. It sounds to me like a half-full or half-empty glass kind of argument. Why does it matter if we say, for example, as an accommodation she gets to work part-time and can work 37, whatever that number is, 32 hours, let's say. Or as an accommodation, she works full-time and works 32 hours. Does it matter how we say it, or is the question really, why was she working fewer hours? It does because of full-time. Which is the question? It does matter because the real question is, did defendant have a duty to reasonably accommodate the plaintiff with a modified full-time schedule of no more than 34 hours? That's the question under these facts. Okay. So that's the question. We know they did. We know that she worked a modified schedule of no more than 32 hours. We know she did. They didn't give her a reduced full-time schedule. It wasn't in the context of a reduced full-time schedule. It was in the context of, we're demoting you to part-time. That's what I'm trying to understand in your argument. Who cares whether they say, we're going to give you a part-time schedule, sometimes you'll work more, sometimes you'll work less, or we're going to give you a full-time schedule with the same provision. They're not required to give her a 34-hour full-time schedule, are they? Pardon me? In order to accommodate her disability, assume she has a disability, in order to accommodate her, they don't have to give her a 34-hour schedule, do they? Whether it's reduced full-time or increased part-time. When she asks for it, there is a duty to accommodate, if she's a qualified individual with a disability, asking for a reasonable accommodation. There's a duty to accommodate her problem that she can't work over 34 hours. I have never read that there's a duty to accommodate the person by giving them, because they're disabled, giving them precisely the number of hours they want to work. Sure, they can't work for more than 34. Let's grant that. But who says they can't work with 30 or 25? In this case, what happened is it's not in a hypothetical situation. What happened is that Michelle Kelly gives Ms. Hunter an ultimatum. It's either or, 40 or 20. There is no in-between. And in response to that, she asserts her right under the ADA and says, I want to work that full-time schedule, but it's not that I don't want to, that I can't. I have disabilities. And it's that right that we're here about today. No, maybe I'm missing something here. But if you have a full-time employee who is disabled, they certainly have the right to request to be transferred to part-time status. Unless I missed Judge Fernandez's point, where in the law does it say that even a disabled employee gets to say, you're accommodating my disability by giving me less than full-time hours. But I demand, say, 34 hours a week or 29 hours a week or 26 hours a week, and the ADA requires that you accommodate me by giving me precisely the number of hours that I request. I think that's the point here. By that reasoning, the employer could give an employee one hour a week and say that they accommodated that employee. There has to be certain essential functions of a position, and Home Depot has chosen to say that this full-time status requires 30 hours or more. You're talking about a ridiculous hypothetical. What we're talking about here is a situation where you have full-time status and you have part-time status, and then the part-time status gives you 20, and she got at least 20, I believe, every week. But she wanted an extra 10 hours, and they considered her a part-time employee, so they wouldn't give it to her. She didn't get at least 20 every week. What she got oftentimes was less than 20. She got scheduled, but then if you look at her hours, she often, because of her disabilities, wasn't able to work the scheduled hours. The accommodation is to allow her the opportunity to have that set number of hours, but work to her ability, her level of ability that her doctor says. Well, I'm just wondering, in a large corporation, which presumably has a lot of disabled employees, one would think, and everyone gets to come in and say, well, I want 39 hours, and I want 29 hours, and I want 24 hours, and I want 18 hours, and the law says you have to give each one of them precisely what they want. I don't remember ever reading that anywhere. I think I understand your point, however, Your Honor. The ADA is not that all-encompassing. You have to be substantially limited in a major life activity and be able to perform the essential functions of the job with or without reasonable accommodation. It is a tough standard to meet. No, I'm assuming that all of these people would meet that standard. I don't get them in my office every day, so I'm not sure that there is many who do. Counsel, I should have warned you earlier, if you want to keep any time for rebuttal, you should tell us now, but we'll give you an extra minute for rebuttal. If you want to keep your time, or maybe you don't. I have 16 seconds. Yes. Don't worry, we'll give you another minute. Did I win, or do you want to hear more? The point here is that I really want to. That means if you want to stop now, you'll get an extra minute for rebuttal. If you don't want to stop now, fine. May it please the Court, Tom Sondra on behalf of the FLE, Home Depot USA. I think I'd like to start by discussion of whether Plaintiff was a full-time or a part-time employee in 2003. In our views, we've argued in our brief that should not make a difference, but Plaintiff, I think, has taken the position that it does. She says it's a central question on this appeal. And I understand her to say that if, in fact, she was part-time, that there's no issue on appeal. And so I do want to touch briefly on that. The sole evidence on which Plaintiff bases her claim that she was a full-time employee in 2003 is the Employer Action Notice in December of 2000. Part-time she designated to full-time, part-time, and then in December of 2000 she designated herself back to full-time. And indeed, if you look at her hours then in 2001, while she never worked 40 hours, she did work 30 or more hours in the first three quarters of 2001, 27 out of those 40 weeks she worked 30 or more hours. But something happens then. In October of 2000, Home Depot issued a notice to all employees. And counsel referred to this notice. Plaintiff has relied on it because it's where it says that a full-time associate is regularly scheduled to work 30 or more hours per week. It also goes on to state that a full-time employee is available without restrictions. And, in fact, that's what I want to focus on here. The second paragraph of that notice, and it's at page 5 behind tab 19 in the excerpts, it says, effective December 1, 2001, all full-time associates will be required to work a fully flexible schedule without restrictions on availability. The employees were told if they can't do that, and if they don't seek and obtain a written accommodation, then within 30 days their employment status, and this is in paragraph 3 of that document, quote, their employment status will be changed from full-time to part-time. And if you look at plaintiff's hours after this notice, there's a dramatic change. For the remaining 12 weeks in 2001, she worked 30 or more hours one time. She averaged just a little over 21 hours per week after that notice comes out. And then you have the same pattern in 2002. She has a significant drop in her hours from 2001, when she averaged around 27 hours per week, to in 2002 she was averaging 22. So she's had a 20 percent drop in her hours. She was a part-time employee. Now, plaintiffs point to the fact that for a period in 2003, she was scheduled to work 30 hours for several weeks. But part-timers can and do work 30 hours. That's the way that the staffing is handled. You have full-time associates that work 40 hours a week, and then part-timers can flex up as needed. And this is the busiest time of the year that she's focusing on, April to August of 2003. But she never worked, to go back to Home Depot's policy, she never worked 12 consecutive weeks. She was never regularly scheduled to work. And that's the key, a regularly scheduled to work 30 hours. She never worked 12 consecutive weeks, and that in the Home Depot internal policy is when they're told, no, any peak time, they call it peak time associates working 30 hours or more over 12 consecutive weeks should be considered for a change to full-time status. So we think the record is clear. She was a part-time employee in 2003, and she was a part-time employee asking for more hours, asking for a guaranteed increase in hours. And that's really the second point I'd like to make, as we've argued in our brief. Whether she was part-time or full-time, what she's asking for is not a reduction in hours. We know she's not asking for a reduction in hours, because if you look at her hours in 2003 and 2004, she worked over 34 hours one time. One time. And so she wasn't asking for fewer hours, she was asking for more. So are you taking the position, or is Home Depot taking the position, that their national policy provides that you can never be disabled and be a full-time employee? No. No, I'm not saying that at all. Certainly one could be disabled and be a full-time employee. But you say you have to work at least 40 hours without restriction. So if you were disabled, you would have to be disabled in a manner that would allow you to work 40 hours without restriction. Oh, I'm not suggesting that a request for an accommodation could not be made. Well, she did make a request for accommodation. But she was asking, I think this is what's important here, she wasn't simply asking, that request was on her. She never worked more than 34 hours. What she was asking for was, I want a guaranteed minimum and a guaranteed maximum. And it was right there at 34 hours. Actually, it dropped to 32 hours by the time she left because she'd gotten a raise, which is our point that... Yeah, because I guess her concern was that she couldn't make over a certain amount of money or she would lose her Social Security disability benefits, or at least a part of them. In fact, she had gone over and owed some... 2001. Yeah, she owed a lot of money, 11 or 12, I don't know how many thousands of dollars. Yeah, she had continued to receive benefits when she was working more than she wanted. So she was very sensitive to this issue. That actually happened in 2001 when she was, by her own designation, a full-time employee. Let's say I'm not disabled, okay, and I'm working part-time for Home Depot. And I say to myself, this is the test. I don't like this 20-hour, 17-hour, 24-hour stuff. I'll work full-time. So I apply to Home Depot to work full-time under all the rules. I take it I've got a chance of getting that job, right? Sure, if there's a full-time position available. Yeah, okay. So suppose I'm disabled, and I say the same thing to myself. You know, this is the test, working 20 hours, 17 hours. You know what I'm going to do? I'm going to ask to work full-time with an accommodation. And the accommodation I'd like is less six hours, or whatever that is. I'd like less six hours. Suppose she said that. If she said that, I think, you know, obviously there has to be an accommodation, or you have to look, what's a reasonable accommodation here? I think the first response would be, well, our full-time associates have to be available to work 40 hours. Oh, no, no, no, no, no, no, no, no, no, no. This is a disabled person. Right, right, right. I need an accommodation. Right. So if you can't work 40 hours, you can always work 20 hours and flex up. But we can't guarantee that you're going to hit 34 hours, but we can give you as many hours as we can. And you'd still be a full-time employee. Well, that's an interesting issue. For example, would you be a full-time employee and get full-time benefits? Now, that's an issue that this record doesn't present. That issue came up, I believe, when counsel was speaking. There's no evidence in this record as to whether she was or was not getting full-time benefits. The whole question of whether she was full-time or part-time didn't come up. I think we're getting off the point of my question to some extent. She comes in with a doctor's note and says, look, if she says this, you know, I want to be a full-time employee, but I can't work more than 34 hours. That's what I want. And they say, okay, tell you what we do with full-time employees who want a benefit like that. We cut them down to 20 hours. Does that count under ADA? Do you do that? Well, I don't think that would be the response. I think they'd say we can guarantee you 20, but we'll work you up as we can. In other words, the way that the scheduling was done is done... And you'll still be full-time. So a disabled person who wants to be a full-time employee can't really be a full-time employee with, say, a six-hour accommodation. Has to be a full-time employee with a 20-hour accommodation, and then maybe we'll give you more. Is that the position? Yes. And we don't negotiate that. We just say that's the rule. Our interactive process is that. Well, I think that you're going to have an interactive process and that you're going to try and figure out what works in that situation. It might be the same thing if someone came in and said, you know what, I can't work on Saturdays after sundown. Or I can't, you know, you're going to have these situations where you're going to try and work out a reasonable accommodation in that circumstance. Okay. I understand. So unless the Court has further questions, I'll rest. We haven't touched on retaliation of the Family Leave Act or constructive discharge. You just submit that on your briefs? I'm happy to submit those on the briefs, yes, Your Honor. Thank you. You have a minute. Do you want to deal with any of those other subjects? Do you want to deal with any of the other subjects, such as retaliation, family leave, or constructive discharge? We can submit those on the briefs, Your Honor. I just want to make the point that if you follow what happened in this case, at first plaintiff states, I need to work some type of reduced full-time schedule in response to Kelly, Michelle Kelly, saying we can no longer give you the 30 hours. That is protected conduct. There was retaliation in the form of decreasing the hours. There's issues of fact as to whether this was due to economic hardship or because Kelly didn't want to give her a full-time schedule, which under the October 2001 policy, after 12 weeks, she was required to do. She was supposed to give her this full-time, even if she wasn't full-time status, she was supposed to be getting that full-time status. The other way to look at it is that there was never a 12-week period in which she worked more than 30 hours. So how does she qualify for full-time status? I think, Your Honor, I think that's mistaken. And even if there wasn't exactly 12, there was close enough to 12. So defense counsel's answer admits supplement or the excerpt of record at 4, page 4, paragraph 3, plaintiff had been working an average of 32 hours per week until approximately July of 2003. That's an admission. They have raised that fact, admitted it in their answer, and raised an issue of fact on that point. So we can't say that these schedules that are being submitted here are accurate because they told Boley the same thing, they submitted this in their answer, and we have a right to rely on what they're saying in their pleadings and to the Bureau of Labor. They're stuck with it. All right. Thank you very much. You're over your time. The case of Hunter v. Home Depot will be marked submitted. And we go to the next case.
judges: Fernandez, Bea, Ezra